

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-12-00345-CV**

**IN RE DODEKA, LLC**

_____

**Original Proceeding**

_____

**MEMORANDUM OPINION**

In this mandamus proceeding, we are asked to determine whether the respondent, Judge William Bosworth of the 413th Judicial District Court, abused his discretion in denying relator Dodeka, L.L.C.'s motion to quash notice of a deposition, which allegedly violates the Texas Rules of Civil Procedure. For the reasons stated herein, we deny Dodeka's petition for writ of mandamus.[1]

### I.  BACKGROUND

This dispute pertains to the location of an oral deposition of non-resident employees or representatives of Dodeka. On August 29, 2011, real party in interest,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.").

Raymond Thibodeau, individually and on behalf of all others similarly situated, filed a class-action lawsuit against Dodeka, asserting that Dodeka, a debt buyer, engaged in the "practice of filing suits in Texas Justice Courts for less than the amounts actually due, apparently in an effort to save court costs by misrepresenting the amount in controversy in order to be able to file in Justice Courts; rather than the more expensive County and District Courts." Thibodeau alleged that "[t]he amount of the debt that Dodeka purports to own exceeded the jurisdictional limits of the justice court at the time suit was filed against Thibodeau" and sought declaratory and injunctive relief under the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act.[2]

Subsequently, on August 20, 2012, Thibodeau sent Dodeka a "Notice of Intention to Take Oral Deposition," wherein Thibodeau indicated his intent to depose "a designated representative of Dodeka, LLC" at the offices of his trial counsel in Fort Worth, Texas. The majority of the information sought to be discovered from the deposition pertained to the knowledge and actions of Holly Chaffin, a Dodeka employee who resides in King County, Washington. In his certificate of conference, Thibodeau acknowledged that:

> Conversations regarding the deposition of a corporate representative with knowledge of the particular areas of inquiry have resulted in Mr. Anderson [Dodeka's trial counsel] concluding that the deponent would necessarily have to be Holly Chaffin, and insisting that her deposition be

---

[2] In his original petition, Thibodeau stated that, on February 4, 2010, Dodeka obtained a default judgment against him in the amount of $9,604.32 in the Justice Court, Precinct Three, of Johnson County, Texas. However, Thibodeau asserted that Dodeka provided an affidavit from Unifund CCR Partners swearing that Thibodeau owed $14,907.32 and had not made any payments on the debt. As such, Thibodeau argued that Dodeka "fraudulently invoked the jurisdiction of the Justice Court, and the judgment was rendered without subject[-]matter jurisdiction" because Dodeka did not sue for the total amount owed.

conducted in Seattle, WA.  No agreement was reached as to the date, time[,] or place of the deposition.  This notice follows.  Plaintiff will agree to hold the deposition in the county of suit upon request by the Defendant.

Despite Thibodeau's insistence that Chaffin be deposed at his trial counsel's office in Fort Worth or in Johnson County, we note that Thibodeau's notice did not specifically state that he intended to depose Chaffin and Chaffin has not been designated as Dodeka's corporate representative.  In any event, Thibodeau apparently attached a cover letter to this notice, which stated the following:  "Enclosed please find a Notice for the deposition of Holly Chaffin on August 31, 2012 at 10:00 A.M. in my office.  I will change the location for this deposition to any place within the county of suit if that is your desire."  In his response to Dodeka's petition for writ of mandamus, Thibodeau contends that this cover letter is not a part of the mandamus record.

Thereafter, Dodeka filed a motion to quash Thibodeau's notice of deposition, which the trial court denied on September 7, 2012.  In its order denying Dodeka's motion to quash, the trial court specifically ordered that:  "Defendant's corporate representative[s] appear for deposition at The Law Office of Jerry Jarzombek, PLLC or at a mutually agreed location in Johnson County within 25 days of the date of this order."

On September 21, 2012, Dodeka filed its petition for writ of mandamus and accompanying motion to stay the deposition.  We granted Dodeka's motion to stay and requested a response from Thibodeau, which was filed on October 18, 2012.

## II. STANDARDS FOR MANDAMUS RELIEF

Texas courts have held that discovery orders that are contrary to the rules of procedure are reviewable by mandamus. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) ("An order compelling discovery that is well outside the proper bounds is reviewable by mandamus."); *Wal-Mart Stores, Inc. v. Street*, 754 S.W.2d 153, 155 (Tex. 1988) (orig. proceeding) (per curiam) (addressing, within the context of mandamus jurisprudence, whether the trial court improperly ordered that an individual be deposed in Texas); *In re Does 1-10*, 242 S.W.3d 805, 819 (Tex. App.—Texarkana 2007, orig. proceeding) (holding that mandamus is appropriate when the trial court disregards Texas procedure for discovery and employed an irrelevant federal statute); *see also In re Bannum, Inc.*, No. 03-09-00512-CV, 2009 Tex. App. LEXIS 10088, at *1 (Tex. App.—Austin Oct. 30, 2009, pet. dism'd) (mem. op.); *In re Prince*, No. 14-06-00895-CV, 2006 Tex. App. LEXIS 10558, at *4 (Tex. App.—Houston [14th Dist.] 2996, orig. proceeding) (explaining that discovery orders that are contrary to the rules of procedure are "reviewable by mandamus"). Mandamus is an extraordinary remedy available "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To obtain mandamus relief, the relator must demonstrate a clear abuse of discretion for which there is no adequate remedy at law. *Id.* at 839-40; *see In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003). The heavy burden of establishing an abuse of discretion and an inadequate remedy is on the party resisting discovery. *In re CSX Corp.*, 124 S.W.3d at 151. A trial court commits a clear abuse of discretion when its

action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996)).

### III.  PROCEDURES FOR ORAL DEPOSITIONS

In its sole issue in this mandamus, Dodeka argues that the trial court abused its discretion in denying its motion to quash.  Specifically, Dodeka asserts that the trial court did not follow Texas Rule of Civil Procedure 199.2, which addresses the timing and location of oral depositions.  *See* TEX. R. CIV. P. 199.2.

### A.  Applicable Law

Texas Rule of Civil Procedure 199.2(a) provides that:  "A notice of intent to take an oral deposition must be served on the witness and all parties a reasonable time before the deposition is taken."  *Id.*  Specifically, the notice of intent to take an oral deposition must state, among other things, "the name of the witness, which may be either an individual or a public or private corporation, partnership, association, governmental agency, or other organization."  *Id.* at R. 199.2(b)(1).  In response to this notice, "the organization named in the notice must—a reasonable time before the deposition—designate one or more individuals to testify on its behalf and set forth, for each individual designated, the matters on which the individual will testify."  *Id.*

Texas Rule of Civil Procedure 199.2(b)(2) addresses the time and place for the oral deposition.  In particular, Rule 199.2(b)(2) provides that an oral deposition may take place in:

(A) the county of the witness's residence;

(B) the county where the witness is employed or regularly transacts business in person;

(C) the county of suit, if the witness is a party or a person designated by a party under Rule 199.2(b)(1);

(D) the county where the witness was served with the subpoena, or within 150 miles of the place of service, if the witness is not a resident of Texas or is a transient person; or

(E) subject to the foregoing, at any other convenient place directed by the court in which the cause is pending.

*Id.* at R. 199.2(b)(2). Convenience is determined from the witness's viewpoint. *See Street*, 754 S.W.2d at 155.

**B. Discussion**

In his response, Thibodeau emphasizes that Dodeka has not designated a corporate representative to participate in the noticed deposition. In addition, Thibodeau argues that the trial court's order denying Dodeka's motion to quash "did not order Holly Chaffin to appear; rather, the corporate representative was ordered to appear in accordance with Tex. R. Civ. P. 199.2(b)(1)."

Indeed, a review of the trial court's denial of Dodeka's motion to quash shows that Dodeka was merely ordered to provide a corporate representative to appear for deposition, as required by Texas Rule of Civil Procedure 199.2(b)(1). *Id.* at 199.2(b)(1). In no way does the order specifically require Chaffin to appear for the deposition.[3] However, the possibility remains that another Dodeka employee or representative may be able to testify about the information sought.

---

[3] We recognize that, ordinarily, the scope of discovery is within the discretion of the trial court. *Dillard Dept. Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding) (per curiam).

Nevertheless, Dodeka relies heavily on the Austin Court of Appeals' opinion in *In re Wells Fargo Bank, N.A.*, No. 03-10-00469-CV, 2010 Tex. App. LEXIS 6817 (Tex. App.—Austin Aug. 16, 2010, orig. proceeding) (mem. op.), to support its contention that the trial court abused its discretion in denying its motion to quash. In *Wells Fargo*, the trial court ordered Wells Fargo to produce John Grissom, a non-party resident of Des Moines, Iowa, for deposition in Travis County, Texas—the venue for the underlying wrongful foreclosure suit—by August 18, 2010. *Id.* at *1. The opinion recognized Grissom as Wells Fargo's in-house counsel. *Id.* at *3. Wells Fargo's main argument in its petition for writ of mandamus was that there was no basis on which to order the deposition to occur in Travis County, especially considering Grissom lived and worked in Iowa. *Id.* at *2. The Austin Court of Appeals noted that Grissom could only be compelled to appear for the Travis County deposition if he: (1) resided, was employed, or regularly transacted business in Travis County; (2) received service within 150 miles of Travis County or was transient; or (3) was designated as a party representative pursuant to Rule 199.2(b)(1). *Id.* at **4-6. Because Grissom did not satisfy any of the above-mentioned criteria, the Austin Court of Appeals concluded that the trial court abused its discretion by ordering Grissom to appear for a deposition in Travis County. *Id.* at *6.

Despite some similarities, we find the *Wells Fargo* case to be distinguishable from the case at hand. In particular, Wells Fargo, unlike Dodeka here, designated other individuals as potential corporate representatives. *Id.* at *4. As stated above, Rule 199.2(b)(1) requires Dodeka to "designate one or more individuals to testify on its

behalf and set forth, for each individual designated, the matters on which the individual will testify" within a reasonable time before the scheduled deposition. TEX. R. CIV. P. 199.2(b)(1). Apparently, Dodeka has yet to designate a representative to testify at the oral deposition. Moreover, as stated above, the trial court's order merely requires a corporate representative of Dodeka to appear within twenty-five days of the order.

And finally, we note that Dodeka has failed to provide this Court with a sufficient record to demonstrate entitlement to mandamus relief. Specifically, Dodeka did not ensure that we have a copy of its motion to quash—a document that is material to its claim for relief. *See* TEX. R. APP. P. 52.7(a).[4] Furthermore, it is not entirely clear from the record before us that the cover letter that Dodeka relies on to show that Thibodeau intended to depose Chaffin was actually included in the record.

## IV. CONCLUSION

Therefore, based on the foregoing, we cannot say that Dodeka has met its burden of providing this Court with a sufficient record demonstrating a clear abuse of discretion by the trial court. *See id.* at R. 52.3, 52.7; *Walker*, 827 S.W.2d at 837; *see also In re CSX Corp.*, 124 S.W.3d at 151. As such, we cannot conclude that Dodeka is entitled to

---

[4] Texas Rule of Appellate Procedure 52.7(a) provides that relator must file with its petition for writ of mandamus:

> (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and

> (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.

TEX. R. APP. P. 52.7(a).

mandamus relief with respect to this issue. *See Walker*, 827 S.W.2d at 839-40; *see also In re CSX Corp.*, 124 S.W.3d at 151. Accordingly, we deny Dodeka's petition for writ of mandamus, and we lift our stay order of September 27, 2012. The deposition ordered by the trial court must occur within 25 days of the date of this Court's opinion and judgment.


AL SCOGGINS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Denied
Opinion delivered and filed November 1, 2012
[OT06]